UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AURELIUS ALLEN-BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:09-CV-457 RM |
|  | ) |  |
| THE INDIANA STATE PRISON, et al., | ) |  |
|  | ) |  |
| Defendant | ) |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| MAURICE JOHNSON-BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:09-CV-460 RM |
|  | ) |  |
| THE INDIANA STATE PRISON, et al., | ) |  |
|  | ) |  |
| Defendant | ) |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| TYROME WADE -BEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | CAUSE NO. 3:09-CV-461 RM |
|  | ) |  |
| THE INDIANA STATE PRISON, et al., | ) |  |
|  | ) |  |
| Defendant | ) |  |

OPINION AND ORDER

Aurelius Allen-Bey, Maurice Johnson-Bey, and Tyrome Wade-Bey, *pro se* prisoners housed at the Indiana State Prison, filed a document entitled "order to show cause and temporary restraining order." The plaintiffs also refer to this document as a "complaint," (docket #1-2 at 1), and the court considers their submission as a civil complaint pursuant

to 42 U.S.C. § 1983. The court split the complaint into three separate cases because joinder was improper pursuant to Rule 20 of Federal Rules of Civil Procedure. For reasons of judicial economy, the court now consolidates the three cases for the purposes of dealing with the request for a temporary restraining order and screening the plaintiffs' submissions pursuant to 28 U.S.C. § 1915A(a).

The plaintiffs request a temporary restraining order requiring the defendants to comply with an order they believe the court entered in Williams-El v. Ridley-Turner, 3:02-cv-573-RM. The plaintiffs didn't give notice of this motion to the defendants. Both the adversarial system of justice and simple notions of fairness require that a defendant generally be notified and afforded the opportunity to respond before being enjoined. A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by showing (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. Goodman v. Ill. Dep't of Fin. & Prof'l Regulation, 430 F.3d 43, 437 (7th Cir. 2005). *Ex parte* temporary restraining orders "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974) (citations omitted). Federal Rule of Civil Procedure

65(b) specifies the following requirements for the issuance of a temporary restraining order without notice:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

The plaintiffs haven't met these requirements. They haven't shown by specific facts set forth in an affidavit or a verified complaint that immediate and irreparable injury, loss, or damage will result to them before the defendants can be heard in opposition. No proper certification in writing shows efforts made to give notice and the reasons why notice should not be required. Because the plaintiffs haven't provided notice to the defendants and haven't met these procedural requirements, their request for a temporary restraining order must be denied.

Under 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only

when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

The defendants are the State of Indiana, the Indiana State Prison, and contractual chaplains David Rogers and Terry Harmon. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the ISP as well as to the State itself. Kashani v. Purdue University, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, the State of Indiana and the Indiana State Prison must be dismissed, leaving Chaplains Rogers and Harmon as defendants.

The plaintiffs' complaint says that the defendants are requiring them to sign a document agreeing to conform to specified standards of conduct before prison officials will approve them "to facilitate MST of A services at ISP when the MST of A volunteers or designee are not available." (Docket #1-3). The plaintiffs argue that requiring them "to sign said documents would go against the order issued by this court in the ***Williams-El v. Ridley-Turner*, 3:02-cv-00573-RLM-CAN**." (Docket #1-2 at 2) (emphasis in original). The plaintiffs assert that they are all members of the Moorish Science Temple and that the

4

defendants told them that if they "did not sign these documents which goes against the court's order, they would shut down our religious services for good." (*Id.*).

Williams-El v. Ridley-Turner, 3:02cv573-RM was a § 1983 action brought by four Moorish Science Temple adherents at the Indiana State Prison alleging that ISP officials were violating the First Amendment's free exercise clause by preventing leaders of a faction within the Moorish Science Temple of America from entering the prison to conduct services. The plaintiffs in that case were Arthur J. Williams-El, Che' Carter-Bey, Ernest C. Collier-El, and LeRon Easley-El. The parties settled that case and it was dismissed pursuant to Fed. R. Civ. P. 41(a) on June 1, 2006.

The court entered no formal agreed judgment in 3:02cv573-RM. The parties conducted settlement negotiations in 3:02cv573-RM, advised the court that they had come to an agreement (docket #155), and submitted a stipulation of dismissal. (Docket #156). None of the parties' submissions provided the court with the terms of the settlement. The complaint in 3:02cv573-RM was not certified as a class action, none of the defendants named by plaintiffs Allen-Bey, Johnson-Bey, and Wade-Bey in their complaint were defendants in 3:02cv573-RM, and Messrs. Allen-Bey, Johnson-Bey, and Wade-Bey weren't plaintiffs in 3:02cv573-RM. Accordingly, even had this court entered an agreed judgment in 3:02cv573-RM, plaintiffs Allen-Bey, Johnson-Bey, and Wade-Bey would not have standing to enforce that agreed judgment against Chaplains Rogers and Harmon. Even giving the plaintiffs the benefit of the inferences to which they are entitled at the pleadings

5

stage, their claim that they are entitled to relief under an order entered by this court in 3:02cv573-RM states no claim upon which relief can be granted.

For the foregoing reasons, the court DENIES the plaintiffs' *ex parte* request for a temporary restraining order and DISMISSES the plaintiffs' complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: October  1 , 2009

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: M. Johnson-Bey